UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN J. RABBERS,

        Plaintiff,                       Case No. 1:07-CV-845

v.                                         Hon. Richard Alan Enslen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**JUDGMENT**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("Report") to affirm the decision of the Commissioner. The matter presently is before the Court on Plaintiff's objections to the Report.

       This Court reviews *de novo* those portions of a Report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's review in a social security case is limited to determining whether the Commissioner applied the

proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Plaintiff raises three objections to the Report, only one of which requires discussion. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to make required specific findings about the degree of Plaintiff's impairment in each of four areas of non-exertional limitations: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c)(3). According to Plaintiff, the Magistrate Judge improperly ignored the absence of factfinding.

While the Magistrate Judge did not directly address the ALJ's failure to make specific findings, the Report essentially concluded that the failure to make such findings was harmless error. The Sixth Circuit squarely has recognized that an ALJ's omission of any element of the required findings is subject to harmless error review. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001). The Magistrate Judge reasoned that the ALJ had properly rejected as unsupported the treating psychiatrist's assessment of Plaintiff's limitations, which was the only evidence in the record supporting a finding of disability. In contrast, Drs. O'Brien, Mulder and Shirado all concluded that Plaintiff's symptoms were mild and that Plaintiff could perform simple, unskilled work. Dr. Shirado assessed Plaintiff's residual functional capacity and found only moderate impairment in each of the four areas of non-exertional limitations. On the basis of the record as a whole, the Magistrate Judge properly concluded that ample evidence supported the ALJ's determination that Plaintiff was not disabled. As a consequence, the ALJ's failure to make specific findings was harmless in light of the objective evidence.

The Court carefully has considered Plaintiff's remaining arguments and finds no error in the reasoning of the Magistrate Judge. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 13) are **DENIED**, the Report and Recommendation (Dkt. No. 12) is **ADOPTED** and the Commissioner of Social Security's decision to deny benefits is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 4, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |